**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Albert D. Serpa, Jr.,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-0890-PHX-NVW (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 1, 2013 (Doc. 1). On August 26, 2013, Respondents filed their Response (Doc. 9). Petitioner has not filed a reply, and the time to do so has expired.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

On July 24, 2005, police were called to an apartment complex in Phoenix, Arizona. An investigation revealed that a verbal altercation had occurred between Petitioner and the deceased victim. A bystander called to someone in a nearby apartment, who brought down a weapon, pointed it or fired it at a passenger of the victim. Petitioner then took the weapon and shot the decedent. Petitioner shot the second

victim, when she tried to protect the decedent. Petitioner then again shot and kicked the decedent, who was nonresponsive when police arrived and eventually died of his wounds. Petitioner, who was on probation at the time, fled the scene. (Exhibit JJ, R.T. 12/1/09.)

### B. PROCEEDINGS AT TRIAL

On August 3, 2005, Petitioner was indicted in Maricopa County Superior Court on charges of First Degree Murder, Aggravated Assault, Endangerment, Weapons Misconduct, and Hindering Prosecution. (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 9, are referenced herein as "Exhibit ___.") The prosecution subsequently filed: (1) a notice of intent to seek the death penalty (Exhibit B); (2) allegations of historical priors (Exhibit C) and allegations of aggravating circumstances (Exhibit D).

Appointed counsel for Petitioner, the Public Defender's office, filed a series of motions, including: (1) to extend the time to challenge the grand jury proceedings (Exhibit E); and (2) for disclosure of various records (Exhibit F and G). Counsel filed a Notice of Defenses (Exhibit H), identifying self-defense, lack of specific intent, no criminal intent, insufficiency of evidence, and defense of others.

Eventually, however, counsel moved to withdraw based upon a conflict of interest because the "Public Defender has previously represented the deceased…[and] acquired confidential information that would assist Mr. Serpa." (Exhibit I.) The Public Defender was permitted to withdraw, and two new counsel were appointed. (Exhibit J, M.E. 9/20/05; Exhibit K, Order 9/6/05; Exhibit L, M.E. 10/14/05.) Six months later, lead counsel filed a motion asserting a conflict of interest, and eventually private counsel was appointed. (Exhibit M, M.E. 5/25/06; Exhibit N, M.E. 6/19/06; Exhibit O, Notice.)

After an interregnum of over three years, with various motions, hearings, etc. (Exhibit OO, Trial Docket), new counsel filed a Notice (Exhibit O) of mitigating circumstances to be presented at sentencing, including Petitioner's age, mental illness, brain impairment, substance abuse, dysfunctional family, physical abuse, sexual abuse,

emotional abuse, family neglect, and social dysfunction. Counsel also moved for determination of probable cause as to the capital and non-capital aggravating circumstances. An evidentiary hearing was held, and eventually the trial court found probable cause to support some of the alleged aggravating actors, and the state withdrew others. (Exhibit P, M.E. 12/01/09; Exhibit Q, M.E. 12/16/09.)

A case management conference was held on January 8, 2010, whereat Petitioner rejected a proffered plea agreement mandating a sentence of natural life, and the matter was set for hearing on the state's Motion to Preclude Defendant's Mitigation. (Exhibit R, M.E. 1/8/10; Exhibit CC, PCR Resp. at 3.) A second conference was held on January 19, 2010, and Petitioner entered into a written Plea Agreement (Exhibit S), wherein Petitioner agreed to plead guilty to all charges, with stipulated consecutive sentences of life in prison, with the possibility of release after 25 years, 15 years, 2.76 years, and 7.25 years. The sentences were to be concurrent to those in a separate prosecution. Petitioner entered his plea on January 19, 2010, the plea was accepted, and the matter set for sentencing. (Exhibit T, M.E. 1/19/10.)

On January 27, 2010, Petitioner was sentenced in accordance with the plea agreement, resulting in a minimum prison term of 50 years. (Exhibit U, Sentence.)

### C.  PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to file a direct appeal. *See Summers v. Schriro*, 481 F.3d 710, 716-717 (9th Cir. 2007). Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2; Exhibit OO, Trial Docket.)

### D.  PROCEEDINGS ON POST-CONVICTION RELIEF

On March 18, 2010, Petitioner filed *pro per* a Notice of Post-Conviction Relief (Exhibit V). Counsel was appointed, and various transcripts ordered. (Exhibit W, M.E. 3/19/10.) Counsel subsequently filed a Notice of inability to find a tenable issue for review (Exhibit X), and Petitioner was granted an extension of time to file a *pro per*

petition, with counsel directed to remain in an advisory capacity.  (Exhibit Y, M.E. 8/26/10.)

Petitioner filed an original Petition (Exhibit Z) consisting of a check marked form, which the PCR court found insufficient, granting Petitioner leave to file an amended petition.  (Exhibit AA, M.E. 10/7/10.)  Petitioner then filed his Amended Petition (Exhibit BB) asserting ineffective assistance of counsel based upon: (a) counsel's previous representation of the victim's mother; and (b) advice that Petitioner would receive the death penalty if he proceeded to trial, and should therefore accept the plea offer.  Petitioner asserted his claims under "Strickland v. Washington" (*id.* at 5) and "Brady v. U.S." (*id.* at 6).

The PCR court rejected the claims of ineffective assistance, finding nothing to support the allegation of a conflict of interest, and that "counsel for the defendant did an excellent job on behalf of the petitioner." (Exhibit DD, M.E. 4/14/11.)

Petitioner filed a Petition for Review by the Arizona Court of Appeals (Exhibit EE), arguing that the first degree murder conviction was based upon insufficient evidence, trial counsel had a conflict of interest because he previously represented the victim's mother, and trial counsel was ineffective in advising Petitioner on the guilty plea.  Petitioner made no reference to any federal law or constitutional provisions. Petitioner did assert that counsel's actions violated "his constitutional right of due process under the law." (*Id.* at 3.)  The state responded arguing that under the standards of *Strickland v. Washington*, 466 U.S. 671 (1984), Petitioner had failed to show ineffective assistance of counsel.  (Exhibit FF, PCR Response.)

The Arizona Court of Appeals denied the petition on its merits, concluding that: (1) the claims of conflict of interest and ineffective assistance were unsupported; (2) Petitioner had not alleged any prejudice from any defective advice; and (3) Petitioner failed to provide citations to the record or legal authority, and thus his petition was defective. (Exhibit HH, Mem. Dec. 5/21/12.)  No further review was sought (Petition, Doc. 1 at 5; Exhibit II, Mandate 8/17/12.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 1, 2013 (Doc. 1). Petitioner's Petition asserts three grounds for relief:

(1) ineffective assistance of counsel in advising Petitioner on his guilty plea;

(2) ineffective assistance of counsel as a result of a conflict of interest; and

(3) sentence imposed in violation of state law as a result of denial of a mitigation hearing.

**Response** - On August 26, 2013, Respondents filed their Response ("Answer") (Doc. 9). Respondents argue:

(1) Ground Three is a state law claim not cognizable on habeas review;

(2) Grounds One and Two were procedurally barred by the Arizona Court of Appeals on an independent and adequate state grounds, e.g. failure to reference the record or authorities;

(3) Ground Three is procedurally defaulted;

(4) Grounds One and Two are without merit.

**Reply** – Petitioner has not filed a reply. The service order provided: "Petitioner may file a reply within 30 days from the date of service of the answer." The Answer was served on August 26, 2013. (Doc. 9 at 31.) Thus, the time to reply has expired.

### III. APPLICATION OF LAW TO FACTS
### A. EXHAUSTION, PROCEDURAL DEFAULT & PROCEDURAL BAR

Respondents argue that Petitioner's claims are either procedurally defaulted or were procedurally barred on an independent and adequate state ground, and thus are barred from federal habeas review. Petitioner asserts in his Petition that he presented the issues raised in his each of his grounds for relief to the Arizona Court of Appeals in his first PCR proceeding. (Petition, Doc.1 at 6, 7, 9.)

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Effect of Life Sentence** - Here, Petitioner received a life sentence. It is true that the *Swoopes* decision refers to there being no right of appeal to the Arizona Supreme Court "except in capital cases or when a life sentence is imposed." *Swoopes*, 196 F.3d at 1009. The decision concludes that "except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them. *Id*. at 1010.

In reaching that decision, however, the Ninth Circuit was faced with a habeas petitioner whose appeal to the Arizona Court of Appeals was denied in 1988, prior to the 1989 amendments eliminating life-sentences from the exceptions to Arizona Court of Appeals jurisdiction. *See State v. Swoopes*, 155 Ariz. 432, 747 P.2d 593 (App. 1988).

Similarly, the Ninth Circuit was required to draw on decisions applying the pre-1989 amendments law. In *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), the Arizona Supreme Court considered the review rights of a defendant whose appeal was denied in 1986. *Sandon*, 161 Ariz. at 157, 777 P.2d at 220. Although the *Sandon* court noted the adoption of the 1989 amendments in a footnote, they were not applying that law. *Id*. at 158 n. 1, 777 P.2d at 221 n.1.

Similarly, the decision in *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), also relied on in *Swoopes*, predated the 1989 amendments. Indeed, the only Arizona decision relied upon in *Swoopes* and made after the 1989 amendments was *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). *Moreno* did not, however rely upon Ariz.Rev.Stat. §§ 12-120.21 or 13-4031, or specifically discuss the death/life sentence limitation. Rather, *Moreno* focused on the "nature and scope of discretionary review by petition for review," *Moreno*, 192 Ariz. at 134, 962 P.2d at 133, and was concerned with whether such discretionary review was an "appeal" within the meaning of the exceptions to Arizona's timeliness bar for claims not presented on "appeal" for good cause.

Moreover, the import of *Sandon* was the Arizona Supreme Court's apparent desire to stop the flood of "large numbers of prisoner petitions seeking to exhaust state remedies." *Sandon*, 161 Ariz. at 157, 777 P.2d at 220. The *Sandon* court concluded that "'[o]nce the defendant has been given the appeal to which he has a right, state remedies have been exhausted." Id. at 158, 777 P.2d at 221, quoting Shattuck, 140 Ariz. at 585, 684 P.2d at 157. Thus, their recitation of the death/life sentence limitation is not properly read as the limit of their holding, but as a reiteration of the pre-1989 holding of Shattuck. Thus Sandon may only be reasonably read as an attempt by the Arizona Supreme Court to remove their discretionary review from the cycle of review required for exhaustion of state remedies. While a given respondent may desire to require its Arizona prisoner to file a petition for review with the Arizona Supreme Court, it is not the respondents' desire, however, but that of the Arizona court that is controlling.

Finally, *Swoopes* itself did not hinge on any reading of Ariz.Rev.Stat. §§ 12-

120.21 or 13-4031 themselves, but upon the question "whether Arizona has identified discretionary Supreme Court review 'as outside the standard review process and has plainly said that it need not be sought for purpose of exhaustion.' " *Swoopes*, 196 F.3d at 1010, quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 849 119 S.Ct. 1728, 1735 (1999). The only basis for identifying that discretionary review as being tied to death/life sentences was the language of *Shattuck* and *Sandon*, and their reliance upon the then applicable pre-1989 versions of Ariz.Rev.Stat. § § 12-120.21 and 13-4031.

Thus, until this issue is resolved by the Ninth Circuit, the Arizona District Courts are faced with either applying the exact language of *Swoopes*, or applying the principle of *Swoopes* to the facts as they exist in this case. The latter holds truer to the function of a trial court in attempting to apply appellate court precedent.

> Using the techniques developed at common law, a court confronted with apparently controlling authority must parse the precedent in light of the facts presented and the rule announced. Insofar as there may be factual differences between the current case and the earlier one, the court must determine whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis.

*Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001).

In *O'Sullivan*, the Supreme Court held that " 'the creation of a discretionary review system does not, without more, make review' in a state supreme court 'unavailable.'" *Swoopes*, 196 F.3d at 1009, quoting *O'Sullivan*, 119 S.Ct. at 1734. The reasoning of *Swoopes* is based upon the determination that the Arizona Supreme Court has instructed that discretionary review by that court is not part of the standard review process in Arizona and that it need not be sought for the purposes of exhaustion, and the Ninth Circuit's conclusion that this instruction is the something "more" referred to in *O'Sullivan*. *Swoopes*, 196 F.3d at 1010.

Under the version of Ariz.Rev.Stat. § 12-120.21 applicable to Petitioner, review by the Arizona Supreme Court is discretionary. Thus, that review is "unavailable" within the meaning of *Swoopes* and *O'Sullivan*, and utilization of that review is not necessary for Petitioner to exhaust his state remedies, despite his life sentence. *See*

*Crowell v. Knowles*, 483 F. Supp. 2d 925 (D. Ariz. 2007) (reaching same conclusion).

### 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P. 32.4. (Answer, Doc. 9 at 21.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is

limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[1] Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id.*

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to

---

[1] Some other types of claims addressed by the Arizona Courts in resolving the type of waiver required include: right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that

were not fairly presented are all now procedurally defaulted.

### 3.  Procedural Bar on Independent and Adequate State Grounds

Related to the concept of procedural default is the principle of barring claims actually disposed of by the state courts on state grounds.  "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, - - - U.S. - - -, 131 S.Ct. 1120, 1127 (2011).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit addressed the burden of proving the independence and adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 584-585.

### 4. Application to Petitioner's Claims

**Grounds One and Two** – Respondents argue that Grounds One and Two were procedurally barred by the application of the Arizona Court of Appeals rules concerning the necessary contents of a petition for review.  However, a procedural bar can only be applied to a claim which is presented.

<u>Petitioner's Claim Not Presented and Not Procedurally Barred</u> - Here, Petitioner asserted the facts underlying his Grounds One and Two to both the PCR court and the Arizona Court of Appeals.  And, in making the argument to the PCR court, Petitioner explicitly relied on *Strickland*, the landmark federal case on ineffective assistance of

counsel. However, in arguing his Petition for Review, Petitioner did not cite any federal law or constitutional provisions. At most, he made a vague reference to "his constitutional right of due process under the law." (Exhibit EE, PFR at 3.) Petitioner did not delineate whether this assertion arose under the Federal constitution or the Arizona Constitution, both of which contain due process guarantees. *See* U.S.C. Const., Amend. 14; and Ariz. Rev. Stat., Const. Art. 2 § 4 ("No person shall be deprived of life, liberty, or property without due process of law.")

A claim has been fairly presented to the state's highest court if petitioner has described **both** the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (emphasis added). While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971), it is not enough that all the facts necessary to support the federal claim were before the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). Nor is it sufficient to make vague references to constitutional rights without delineating the source of those rights, or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).

Moreover, a simple reference to ineffective assistance of counsel is not sufficient to fairly present a federal claim under the Sixth Amendment. *Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir.2000), *as amended*, 247 F.3d 904 (9th Cir.2001). *See also Baldwin v. Reese,* 541 U.S. 27, 33 (discussing sufficiency of mere reference to "ineffective assistance"). Further, the Arizona right to effective counsel is not equivalent to the federal right. *See e.g. State v. Krum*, 182 Ariz. 108, 110, 893 P.2d 759, 761 (.App. Div. 1 1995), *overturned on statutory grounds*, 183 Ariz. 288, 903 P.2d 596 (1995) (finding right to effective counsel in PCR proceeding, notwithstanding federal law's denial of right to PCR counsel). "[R]aising a state claim that is merely similar to a federal claim does not exhaust state remedies." *Fields v. Waddington*, 401 F.3d 1018,

1022 (9th Cir. 2005).[2]

It is true that Petitioner cited federal law to the PCR court. That was insufficient to alert the Arizona Court of Appeals to the federal nature of his claim. "We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

It is also true that the State cited federal law in responding to the Petition for Review. (*See* Exhibit CC, PCR Response.) However, the undersigned is unaware of any authority permitting a response to delineate the nature or scope of a claim in a petition, or to otherwise qualify as a fair presentation.

A state court's actual consideration of a claim satisfies exhaustion. *See Sandstrom v. Butterworth*, 738 F.2d 1200, 1206 (11th Cir.1984) ("[t]here is no better evidence of exhaustion than a state court's actual consideration of the relevant constitutional issue"); *see also Walton v. Caspari*, 916 F.2d 1352, 1356-57 (8th Cir.1990) (state court's *sua sponte* consideration of an issue satisfies exhaustion). Here, the Arizona Court of Appeals did not explicitly resolve Petitioner's claim as a federal one. That court did not cite any federal cases or constitutional provisions (although the Arizona cases it did cite include references to federal law. (*See e.g.* Exhibit HH, Mem. Dec. at 3 (quoting *State v. Bennett*, 213 Ariz. 562, ¶ 21, 146 P.3d 63, 68 (2006) (citing *Strickland*, 466 U.S. at 687)).)

Because the undersigned cannot find that Petitioner presented his federal claim, nor that the Arizona Court of Appeals construed the claim as a federal one, the undersigned must conclude that the procedural bar applied by the Arizona Court of

---

[2] Moreover, even if Arizona treated its right to effective counsel identically to the federal right, that would not cause Petitioner's claims to be fairly presented. "The United States Supreme Court has left open the question whether the invocation of a state constitutional provision is adequate to raise a federal claim under the corresponding federal constitutional clause when the state courts treat both claims in an identical manner." *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004) and *Duncan v. Henry*, 513 U.S. 364, at 366 (1995).)

Appeals was to a state law claim, not to the federal claim Plaintiff now urges.

<u>If Presented, then Procedurally Barred</u> – On the other hand, if Petitioner's reference to due process were deemed sufficient to fairly present a federal claim, or if the Arizona Court of Appeals should be understood as having construed Petitioner's claim as arising under federal law, then the undersigned must conclude that it was procedurally barred.

As pointed out by Respondents, the Arizona Court of Appeals held that Petitioner's Petition for Review was procedurally deficient under Arizona Rules of Criminal Procedure 31.13(c)(1)(vi) and 32.9. The former requires that an appellant's brief include:

> An argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may include a summary. With respect to each contention raised on appeal, the proper standard of review on appeal shall be identified, with citations to relevant authority, at the outset of the discussion of that contention. Citation of authorities shall be to the volume and page number of the official reports and also when possible to the unofficial reports.

Ariz. R. Crim. Proc. 31.13(c)(1)(vi). Rule 32.9 mandates that the Petition contain "[t]he reasons why the petition should be granted" and (in the case of of-right first petitions such as Petitioner's) "specific references to the record."

These rules are independent of any consideration of the merits of the claim or federal law. Petitioner points to no reason to conclude the rules are inadequate. Respondents argue that they are regularly and consistently applied. Petitioner fails to meet his burden of countering that argument. *See Bennett v. Mueller*, 322 F.3d 573, 584-585 (9th Cir.2003).

Accordingly, if it could be concluded that these claims were fairly presented to the Arizona Court of Appeals as federal claims, then this Court would have to conclude that they were procedurally barred on independent and adequate state grounds, and are thus barred from federal habeas review.

**Ground Three** – Petitioner's Ground Three argues that his sentence was imposed

in violation of state sentencing law because he was afforded no mitigation hearing. Respondents argue this claim was never presented to the Arizona Court of Appeals, and is now procedurally defaulted.

The undersigned finds no reference to such a claim (whether founded on state law or federal law) in Petitioner's Petition for Review to the Arizona Court of Appeals. Consequently, this Court must find that the claim was not fairly presented, Petitioner's state remedies on it were not properly exhausted, and, for the reasons discussed hereinabove, that it is now procedurally defaulted.

**Summary re Exhaustion, Etc.** – Based upon the foregoing, the undersigned concludes that: (1) Grounds One and Two were not fairly presented, and are procedurally defaulted, and if fairly presented were procedurally barred on an independent and adequate state ground; (2) Ground Three was not fairly presented and is procedurally defaulted.

### B. CAUSE AND PREJUDICE, & ACTUAL INNOCENCE

**Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner has not replied, and has not asserted in his Petition any cause to excuse his procedural defaults or procedural bars, which he only alleged were raised in this first PCR proceeding. (Petition, Doc. 1 at 6, 7, 9.) The undersigned finds no basis for a finding of cause.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**<u>Actual Innocence</u>** -   The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found

the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. U.S.*, 523 U.S. 614, 624 (1998).

Here, Petitioner makes no assertion of actual innocence to excuse his procedural defaults or procedural bars. The undersigned knows of no basis for such a finding.

Petitioner did argue to the Arizona Court of Appeals that there was insufficient evidence to support his conviction. (*See* Exhibit EE.) However, a finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence).

Accordingly Petitioner's procedurally defaulted and procedurally barred claims must be dismissed.

## C. OTHER DEFENSES

Respondents also argue that Grounds One and Two are without merit and Ground Three fails to state a claim upon which relief may be granted because it is founded upon state law. Because the undersigned finds the claims plainly procedurally defaulted or procedurally barred, the undersigned does not address these additional defenses.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a

proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 1, 2013 (Doc.  1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent that the Court adopts this Report & Recommendation, a certificate of appealability should be **DENIED**.

### VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 18, 2013

13-0890r RR 13 12 05 on HC.docx

James F. Metcalf
United States Magistrate Judge